UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD RUBIN ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-8189** |
| **HIBERNIA ROSENTHAL INS. ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #5.)

### I. BACKGROUND

The plaintiffs, Richard Rubin, Carolyn Rubin, and Rachel Rubin, filed a petition for declaratory relief and damages in Civil District Court for the Parish of Orleans against Hibernia Rosenthal Insurance Agency, Hibernia Insurance Agency, L.L.C., Capital One Insurance Agency, Inc. (collectively, the insurance agents), and Lexington Insurance Company (Lexington). The plaintiffs obtained homeowners insurance for their residence and its contents from Lexington through their insurance agents.

The plaintiffs allege that, prior to purchasing insurance coverage, they consulted their

insurance agents to provide advice and to procure adequate insurance protection for the residence.  The residence is a high risk property built over water.  Following Hurricane Katrina, the plaintiffs reported to Lexington that the residence and its contents had sustained severe damage.  Lexington refuses to pay for all of the damages to their property because the policy excludes loss caused directly or indirectly by water damage.  The plaintiffs allege that they have insufficient coverage because their agent failed to disclose what was not covered and to inform that additional insurance and supplemental flood insurance were available for purchase.

Lexington removed the case to federal court based on diversity jurisdiction.  The plaintiffs filed a motion to remand.

## II. DISCUSSION

**A. Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the

plaintiff might be able to recover against an in-state defendant." Id. A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.

## B. Improper joinder

### 1. Negligence

The plaintiffs contend that the insurance agents were fully aware of their needs and failed to use reasonable diligence to procure adequate insurance. Lexington contends that the insurance agents are improperly joined because the insurance agents have no affirmative duty to assess or inspect the residence so as to adequately insure it or to inform the plaintiffs of the existence of additional flood insurance. Lexington argues that the client is responsible for advising the agent of the coverage needed.

In Karam v. St. Paul Fire & Marine Ins Co., 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

"[A]n insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the

3

specific relationship and agreements between the particular agent and client." Graves v. State Farm Mut. Auto Ins. Co., 821 So.2d 769, 773 (La. Ct. App. 2002).

The plaintiffs' property is located on West Roadway Drive in New Orleans and is essentially built over water. The court finds that Lexington has not demonstrated that there is no possibility of recovery by the plaintiffs against the in-state insurance agents for failing to fulfill their duty to use reasonable diligence to attempt to place insurance for the high risk property and to notify the plaintiffs if the requested coverage is not procured. Accordingly, the in-state defendants are not improperly joined.

**2. Peremption**

Lexington contends that the claims against the insurance agents are perempted under La. Rev. Stat. 9:5606 because the plaintiffs had knowledge of the terms of the policy on March 24, 2005 when they received a copy of the policy and did not file suit until August 28, 2006, one year after they sustained the loss.

La. Rev. Stat. 9:5606 provides in relevant part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The court finds that it is reasonable that some of the claims regarding the plaintiffs' reliance on the insurance agents to procure adequate coverage for the high risk property were not

discovered until after the hurricane damaged the property. Therefore, Lexington has not established that there is no possibility of recovery against the instate defendants based on La. Rev. Stat. 9:5606.

**C. Misjoinder of parties**

The plaintiffs contend that the parties are properly joined because the action seeks recovery for the same injury, the lack of insurance proceeds to pay for damage to the property and its contents. The court concludes that there is no misjoinder of the parties in this case. The plaintiffs seek recovery from Lexington and the insurance agents based on insurance coverage for the damaged property. This is not a case in which the plaintiffs have joined unrelated claims to defeat the court's jurisdiction. See Radlauer v. Great Northern Ins. Co., 2006 WL 1560791 (E.D. La. May 16, 2006).

### III. CONCLUSION

Accordingly, the non-diverse defendants are not improperly joined, there is no misjoinder of the parties, and the court lacks subject matter jurisdiction to hear the case.

New Orleans, Louisiana, this  22nd  day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**